UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

CENTRAL DIVISION

CIVIL COMPLAINT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>STATE OF MISSOURI, )<br>MISSOURI NATIONAL GUARD, and )<br>MAJOR GENERAL STEPHEN L. DANNER, )<br>in his Official Capacity, as Adjutant General of )<br>the State of Missouri National Guard )<br>Defendant. | CASE NUMBER: 14-4036 |

Plaintiff, United States of America ("United States"), by the undersigned attorneys, alleges as follows:

1. This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.* ("USERRA" or "Act").

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b).

3. Venue is proper in this district under 38 U.S.C. § 4323(c) because the State of Missouri, the Missouri National Guard, and Major General Stephen L. Danner (collectively "Defendants") exercise authority and carry out their functions within this judicial district.

1

## PARTIES

4. Plaintiff is the United States of America. The Attorney General of the United States is responsible for enforcing USERRA against States and State entities.

5. Defendant Missouri National Guard is a Division of the State of Missouri's Department of Public Safety.

6. Defendant Major General Stephen L. Danner, in his official capacity, is the Adjutant General of Missouri and exercises authority over the Missouri National Guard to carry out and direct the Missouri National Guard's functions. Under USERRA, the Adjutant General is considered the employer of civilian National Guard Technicians employed under Section 709 of Title 32 of the United States Code. 38 U.S.C. § 4303(4)(B).

## FACTUAL ALLEGATIONS

7. Pursuant to Section 709 of Title 32 of the United States Code, the Missouri National Guard employs civilian National Guard technicians to provide administrative, personnel, maintenance and other tasks to support Missouri National Guard's soldiers. These civilian employees are commonly referred to as "dual technicians."

8. Section 6323 of Title 5 of the United States Code entitles dual technicians who are called to active duty military service fifteen (15) days of paid military leave per year while performing such service.

9. One form of active duty that enlists civilian dual technicians to perform full-time military service is the United States Army's Guard and Reserve Program. Civilians who enlist in the Army's Guard and Reserve Program are often assigned duties supporting the mission and functions of state National Guard Units as active duty soldiers.

10. If a Missouri National Guard civilian dual technician wishes to enlist in the Army's Guard and Reserve Program, s/he must apply through the Missouri National Guard. One such Missouri National Guard dual technician, Kinata C. Holt ("Holt"), applied for and was accepted into the Army's Guard and Reserve Program for a three year tour of duty, commencing in November 2011.

11. Pursuant to Missouri National Guard policy and practice, before allowing Holt to go on active duty with the Army's Guard and Reserve Program, the Missouri National Guard required her to sign a document in which she agreed to be separated (i.e., terminated) from her civilian position rather than allowing her to remain a Missouri National Guard employee and placing her on furlough or leave of absence ("LOA") as required by USERRA, 38 U.S.C. § 4316(b)(1)(A).

12. By forcing dual technicians to separate from their employment with the Missouri National Guard before performing active duty military service with the Army's Guard and Reserve Program, defendants are effectively denying Missouri National Guard civilian dual technicians the benefit of 15 days paid military leave to which they are otherwise entitled under 5 USC § 6323.

13. On or about January 4, 2013, Holt filed a complaint under USERRA with the United States Department of Labor.

14. The United States Department of Labor's Veterans' Employment and Training Service conducted an investigation and found Holt's claim to be meritorious.

15. Her claim was referred to the Department of Justice to file this enforcement action.

3

## CLAIM FOR RELIEF

16. The United States repeats the allegations in paragraphs 1 through 15.

17. Defendants violated and continue to violate USERRA Section 4316 by, among other ways, failing or refusing to place civilian dual technicians (such as Holt) on furlough or LOA while they are performing active duty military service and instead requiring them to separate from their employment with the Missouri National Guard.  As a result of this violation, the Missouri National Guard has failed or refused to provide civilian dual technicians with fifteen (15) days military leave per year for each year of military service.

18. Defendants violated and continue to violate USERRA Section 4311 by, among other ways, failing or refusing to comply with federal law that entitles dual technicians (such as Holt) 15 days paid military leave when serving on active duty.

19. Defendants violated and continue to violate USERRA Section 4302 by, among other ways, requiring civilian dual technicians (including Holt) to separate from their civilian employment before allowing them to perform active duty military service.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter judgment against defendants and:

A. declare that defendants' failure to place civilian technicians on furlough or LOA while they are serving in the Army's Guard and Reserve Program violates USERRA;

B. declare that defendants' requirement that civilian dual technicians separate from their civilian employment with the Missouri National Guard before allowing them to serve on active duty with the Army's Guard and Reserve Program violates USERRA;

4

C. require that defendants comply with the requirements of USERRA by changing the Missouri National Guard's policies and procedures to place civilian dual technicians on furlough or LOA while they are serving in the Army's Guard and Reserve Program.

D. retroactively place civilian technicians on LOA who were improperly separated based upon the Missouri National Guard's USERRA violations;

E. enjoin defendants from taking any action against any civilian dual technician or any servicemember if that action fails to comply with the provisions of USERRA, including the implementation or enforcement of any policy or practice that, in violation of 38 U.S.C. § 4302, places unlawful prerequisites on the right to take military leave and obtain benefits while serving in the active duty military;

F. grant such other and further relief as may be just and proper.

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

By: DELORA L. KENNEBREW
Chief

*s/ Joseph J. Sperber IV*
ESTHER G. LANDER
(DC Bar No. 461316)
Deputy Chief
JOSEPH J. SPERBER IV
(NY Bar No. 2662526)
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4914
Washington, DC 20530
Telephone: (202) 514-8138
Facsimile: (202) 514-1005
E-mail: joseph.sperber@usdoj.gov

TAMMY DICKINSON
United States Attorney

*s/ Charles M. Thomas*
CHARLES M. THOMAS
(Missouri Bar No. 28522)
Assistant United States Attorney

Charles Evans Whittaker Courthouse
U.S. Attorney's Office
Western District of Missouri
400 East 9th Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3122
Facsimile: (816) 426-3165
E-Mail: Charles.thomas@usdoj.gov

ATTORNEYS FOR THE UNITED STATES