# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14-CV-04036-NKL |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendants State of Missouri, Missouri National Guard, and Major General Stephen L. Danner move to dismiss the Complaint of Plaintiff United States of America for failure to state a claim. [Doc. # 13]. For the reasons set forth below, Defendants' motion is DENIED.

**I.  Background**

The Missouri National Guard employs civilian National Guard technicians to perform administrative, personnel, maintenance and other tasks to support the Missouri National Guard's soldiers. These civilian employees are commonly referred to as "dual technicians." One such dual technician, Kristina Holt, applied for and was accepted into the Army's Active Guard and Reserve ("AGR") program, commencing in November 2011. According to the Complaint, Missouri National Guard policy required Holt to sign a document in which she agreed to be separated (i.e. terminated) from her civilian position prior to serving in the AGR program. Holt subsequently filed a complaint about

1

this practice with the United States Department of Labor, which was found to be meritorious.

As a result, the matter was referred to the Department of Justice to initiate this enforcement action. Plaintiff claims that Defendants' practice of failing or refusing to place dual technicians on furlough or leave of absence when they are performing active military service through the AGR program, and instead requiring them to separate from their civilian position with the Missouri National Guard, violates the Uniformed Services Employment and Reemployment Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301, *et seq.* Plaintiff further claims that, as a result of this violation, dual technicians such as Holt are deprived of their entitlement to fifteen days per year of paid military leave under 5 U.S.C. section 6323.

## II. Discussion

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim. Plaintiff argues that the Complaint plausibly alleges a violation of the following USERRA provision:

> Subject to paragraphs (2) through (6), a person who is absent from a position of employment by reason of service in the uniformed services shall be—
>
> (A) deemed to be on furlough or leave of absence while performing such service; and
>
> (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

2

38 U.S.C. § 4316(b)(1). Plaintiff claims that Defendants' practice of requiring dual technicians to terminate their civilian positions before serving in the AGR program, rather than placing them on furlough or leave of absence, violates subparagraph (A) of this section, thereby depriving individuals such as Holt of the rights and benefits to which they are entitled under subparagraph (B).

Defendants argue that section 4316(b)(1) does not apply in this case because the Complaint alleges that Holt voluntarily enlisted in a career program, agreed to be separated from her civilian position, and waived her rights under USERRA. An employee may waive USERRA rights by voluntarily resigning from a civilian position and pursuing a career in military service. *See, e.g.*, *Paisley v. City of Minneapolis*, 79 F.3d 722, 724 (8th Cir. 1996). However, the Complaint does not allege that Holt left her civilian position for a career in the military. Rather, the Complaint alleges that Holt was accepted into the AGR program "for a three year tour of duty," with no further indication as to whether Holt did or did not intend to return to her civilian position after this initial tour. [Doc. # 1 at 3]. Accepting as true the factual allegations in the Complaint and drawing all reasonable inferences in favor of Plaintiff, as is required on this motion, *see Freitas v. Wells Fargo Home Mortgage, Inc.*, 703 F.3d 436, 441 (8th Cir. 2013), the Complaint plausibly alleges that Defendants violated USERRA.

The primary dispute on this motion is whether Holt necessarily intended to pursue a career in military service by joining the AGR program. An employee's intent to permanently resign from a civilian position in favor of career military service is generally

a fact-intensive inquiry that entails an analysis of both the employee's stated intent and objective indicia of actual intent. *See, e.g.*, *Paisley*, 79 F.3d at 724; *see also Erickson v. U.S. Postal Serv.*, 636 F.3d 1353, 1356-58 (Fed. Cir. 2011). Nonetheless, Defendants maintain that positions in the AGR program are by definition career positions, such that every individual who participates in this program is necessarily electing to pursue a career in military service. For support, Defendants cite Army Regulation 135-18, ¶ 1-6(a), which states that AGR provides for "[a] career program offering opportunities that encourages retention through promotion, professional development, and assignments or attachments to positions of increased responsibility."

The same paragraph of this regulation, however, states that the AGR program also provides for "[e]ntry into the program of soldiers who may desire to serve only initial or occasional AGR tours, as well as soldiers who serve in a career status." Army Reg. 135-18, ¶ 1-6(d). Furthermore, although the period of active duty in the AGR program following the initial, three-year requirement is "for an indefinite period," this is subject to the soldier's voluntary reenlistment. *See id.* at ¶ 2-6(b). In addition, the checklist form that Holt completed prior to entering the AGR program specifically acknowledged that if she left the program prior to serving five years, she would have reemployment rights under USERRA. [Doc. # 13-1 at 1].

Thus, based on the materials presented on this motion, it appears that an individual who participates in the AGR program may choose to make it a career, but she may also choose to serve only the initial, three-year period or occasional tours. Non-career military service, as defined in the relevant regulations, specifically includes this type of

4

one-time or sporadic active duty service.  *See* 32 C.F.R. § 104.3.  Consequently, there is little basis for concluding that, as a matter of law, individuals who participate in the AGR program are categorically not entitled to the leave of absence protections of USERRA.

In fact, the Supreme Court concluded that the analogous provisions of the Veterans' Reemployment Rights Act, the predecessor to USERRA "cover[ed] AGR participants."  *King v. St. Vincent's Hosp.*, 502 U.S. 215, 217, n.5 (1991).  Likewise, lower courts have regularly applied USERRA to AGR program participants, subject only to the fact-intensive inquiry into whether the employee abandoned her civilian position in favor of a military career.  *See, e.g.*, *Lindsley v. Office of Pers. Mgmt.*, 126 F. App'x 959, 960 (Fed. Cir. 2005); *Lapine v. Town of Wellesley*, 304 F.3d 90, 102 (1st Cir. 2002).  This is consistent with the principal purposes of USERRA, which include encouraging "noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service." § 4301(a)(1).  As discussed above, the AGR program specifically provides for the enlistment of individuals who intend to serve only once or occasionally.  As such, it would be inconsistent with the stated purpose of USERRA to hold that the statute does not apply to individuals who voluntarily elect to serve in the AGR program for a limited time, with no intent to make it a career.

Defendants also argue that soldiers entering the AGR program indicate their intent to accept a career military position by agreeing in writing to separate from their civilian employment.  The Missouri National Guard's practice of imposing this requirement, however, is the very basis of Plaintiff's Complaint.  Although an employee may waive

5

her USERRA rights, "an employer cannot circumvent an employee's right to reemployment through a policy of denying leaves of absence." *Kiszka v. Office of Pers. Mgmt.*, 372 F.3d 1301, 1306 (Fed. Cir. 2004). In this case, the Complaint alleges that the Missouri National Guard "forc[es] dual technicians to separate from their employment," and "required [Holt] to sign a document in which she agreed to be separated (i.e., terminated) from her civilian position rather than allowing her to remain a Missouri National Guard employee and placing her on furlough or leave of absence." [Doc. # 1 at 3]. This is sufficient to support the plausible inference that the Missouri National Guard refuses requests for leaves of absence in lieu of termination, thereby circumventing the USERRA rights of individuals who do not enter the AGR program intending to pursue a career in military service.

Furthermore, Defendants have "the burden of proving that a person knowingly provided clear written notice of intent not to return to a position of employment after service in the uniformed service and, in doing so, was aware of the specific rights and benefits to be lost." § 4316(b)(2)(B). The materials cited by Defendant do not show that Holt knew that she could request a leave of absence in lieu of separating from her civilian position if she did not intend to pursue career military service. Furthermore, considering that the checklist form specifically acknowledges the existence of reemployment rights under USERRA, [Doc. # 13-1 at 1], this form, standing alone, cannot satisfy Defendants' burden of proving that Holt did not intend to return to civilian employment. Accordingly, the existence of this waiver defense is not apparent from the face of the pleadings and dismissal is not appropriate on this ground.

## III. Conclusion

For the reasons set forth above, Defendants' motion to dismiss, [Doc. # 13], is DENIED.

/s Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 9, 2014
Jefferson City, Missouri