# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NUMBER: 2:14-cv-04036-NKL |
| STATE OF MISSOURI, *et al.,* | ) |
| Defendants. | ) |

## UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff United States of America ("United States") hereby moves this Court for partial summary judgment against Defendants State of Missouri, the Missouri National Guard, and Major General Stephen L. Danner (collectively "Missouri") because Missouri has violated the Uniformed Services Employment and Reemployment Rights Act of 1994, as amended, 38 U.S.C. § 4301, *et seq.* ("USERRA"). Specifically, the United States requests partial summary judgment that 1) the Missouri National Guard's policy of not placing dual technicians entering the AGR program on furlough or leave of absence violates USERRA; 2) Dual Technician Kinata Holt ("Holt") did not abandon her civilian position or voluntarily waive any of her rights under USERRA when she entered military service in the AGR program; 3) Missouri violated USERRA by denying Holt the opportunity to take leave without pay ("LWOP") when she entered the AGR program; and 4) Missouri violated USERRA by denying Holt 15 days of military leave.

In support of this motion, the United States states:

1.      Pursuant to Local Civil Rule 56.1(a), the United States is filing with this Motion an accompanying memorandum, the United States' Suggestions in Support of Its Motion for Partial Summary Judgment ("Suggestions"), which includes relevant argument and citations to the law upon which the United States relies.  The United States is also filing as attachments to the Suggestions documentary evidence relied upon in its arguments, and fully incorporates the Suggestions and this evidence into this Motion by this reference.

2.      Pursuant to Local Civil Rule 7-4.01(E), the United States attaches to its Suggestions and fully incorporates by this reference its Statement of Uncontroverted Material Facts.  *See* Suggestions Attachment A.

3.      The Missouri National Guard ("Guard") employs civilian employees who are also reservists in the Guard ("dual technicians") to perform administrative, personnel, maintenance and other tasks to support the Guard's operations.  Answer, ¶ 7.  One such dual technician, Holt, applied for and was accepted into the AGR program, commencing in November 2011.  Answer, ¶ 10.

4.      Guard policy since July 2010 requires dual technicians seeking to enter the AGR program (including Holt) to sign a document in which they agree to be "separated" (i.e., terminated) from their civilian position with the Guard.  *See* Suggestions Attachment B ("Watson Dep.") 80:22-81:10, and Suggestions Attachment C ("Ginter Dep.") 37:2-38:2.  The Guard does not allow dual technicians entering the AGR program after July 2010 (including Holt) to be placed on LWOP status.  Watson Dep. 49:18-22; 54:19-55:11.  As explained in the Suggestions, the Guard's policy of denying all dual technicians the opportunity to take LWOP when entering the AGR program violates USERRA.

5. Missouri believes that the Guard's policy does not violate USERRA because AGR is a "career program" that dual technicians voluntarily enter and thereby waive their USERRA protections. Holt, however, never intended to stay in the Guard for a career. *See* Suggestions Attachment E ("Holt Dep.") 11:18-13:2; 39:15-40:7; 134:7-15. She also never intended to waive her USERRA rights when she signed the Guard's documents. Holt Dep. 42:4-16; 43:10-16; 44:14-22; 46:11-21. Missouri has no evidence to refute Holt's testimony about her own intent. See Suggestions Attachment D ("Jones Dep.") 29:6-30:17; 31:2-13. In fact, the Guard admitted in discovery that its own intention in requiring dual technicians to execute the documents acknowledging separation was never to require them to waive any USERRA rights. Jones Dep. 84:5-12; 88:9-23; 89:3-6; 89:20-90:2. Thus, as explained in the Suggestions, Holt did not abandon her civilian position or voluntarily waive any of her rights under USERRA when she entered military service in the AGR Program. And therefore, because Holt did not waive her USERRA rights, Missouri violated USERRA by denying her the opportunity to take LWOP when she entered the AGR program.

6. Dual technicians serving in the military while on LWOP are entitled to 15 days of military leave per year. Jones Dep. 36:17-38:4; Ginter Dep. 24:19-21; 38:17-21; 47:2-15. While the Guard gives dual technicians who are serving in the military while on LWOP 15 days of military leave per year, the Guard denies that benefit to dual technicians who enter the AGR program after July 2010. Ginter Dep. 24:19-21; 38:17-21; 47:2-15; Jones Dep. 36:17-38:4. The Guard allows dual technicians entering active duty programs *other than* the AGR program to be on LWOP and to earn this benefit. Watson Dep. 51:25-52:18; 81:16-82:11; Jones Dep. 59:3-7; 63:23-64:7. Had Holt been allowed LWOP when she entered the AGR program, she would have received 15 days of military leave for the year she served in the program. Holt Dep. 122:11-18;

127:5-21. Thus, as explained in the Suggestions, Missouri violated USERRA by denying Holt 15 days of military leave.

7. Because of the foregoing and as explained more fully in the Suggestions, the United States requests a partial summary judgment finding that: 1) the Guard's policy of not placing dual technicians entering the AGR program on furlough or leave of absence violates USERRA; 2) Holt did not abandon her civilian position or voluntarily waive any of her rights under USERRA when she entered military service in the AGR program; 3) Missouri violated USERRA by denying Holt the opportunity to take LWOP when she entered the AGR program; and 4) Missouri violated USERRA by denying Holt 15 days of military leave.

Respectfully Submitted,

On behalf of plaintiff United States of America:

By: *s/ Jeffrey Morrison*
JOSEPH J. SPERBER IV
(NY Bar No. 2662526)
JEFFREY MORRISON
(MO Bar No. 44401)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4914
Washington, DC  20530
Telephone:  (202) 514-8138
Facsimile:  (202) 514-1005
E-mail:   joseph.sperber@usdoj.gov

CHARLES M. THOMAS
(MO Bar No. 28522)
Assistant United States Attorney
Charles Evans Whittaker Courthouse
U.S. Attorney's Office
Western District of Missouri
400 East 9th Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3122
Facsimile: (816) 426-3165
E-Mail: charles.thomas@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on October 3, 2014 upon counsel for the defendants via electronic mail and via U.S. Mail, postage prepaid to:

Amy C. Haywood
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
Amy.Hardwood@ago.mo.gov

John Reeves
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
John.Reeves@ago.mo.gov


*s/ Jeffrey Morrison*
Jeffrey Morrison