# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: 2:14-cv-04036-NKL |
| | ) |
| STATE OF MISSOURI, *et al.,* | ) |
| | ) |
| Defendants. | ) |

# UNITED STATES' SUGGESTIONS IN SUPPORT OF
# ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

**TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………….......……i

TABLE OF AUTHORITIES………………………………………………...…..ii

I.      SUMMARY OF ARGUMENT……………………………….…………... 1

II.     BACKGROUND .…………………………………………………………..2

III.    SUMMARY JUDGMENT STANDARD……………………………….….3

IV.    ARGUMENT……………………………………………………….……….4

       A.  The Guard Cannot Deny LWOP to All Employees Entering the AGR Program…………………………………………………………………..….5

       B.  Holt Did Not Waive Her USERRA Protections When She Entered the AGR Program………………………………………………………….…......8

       C.  Missouri Violated USERRA by Denying Holt LWOP While She Served in the AGR Program……………………………………………………...….12

       D.  USERRA Requires Missouri to Grant Holt the Same Benefits It Grants to Other Employees on LWOP……………………………………………...…12

V.     CONCLUSION……………………………………………………….....15

# TABLE OF AUTHORITIES

**Cases**
*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-49 (1986) ........................................................ 3
*Clegg v. Arkansas Dept. of Correction,* 496 F.3d 922, 930 (8th Cir. 2007) ................................... 6
*Dorris v. TXD Services, LP*, 753 F.3d 740, 745 (8th Cir. 2014) ............................................. 6, 14
*Fishgold v. Sullivan Drydock and Repair Corp.*, 328 U.S. 275, 285 (1946) .................................. 6
*Green v. Oktibbeha County Hospital*, 526 F. Supp. 49, 54 (N.D. Miss. 1981); ............................ 5
*Jackson v. United Parcel Service, Inc.,* 643 F.3d 1081, 1085 (8th Cir. 2011) (en banc) ......... 4, 12
*King v. St. Vincent's Hosp.*, 502 U.S. 215, 217, n.5 (1991) ............................................................ 7
*Kiszka v. Office of Pers. Mgmt.*, 372 F.3d 1301, 1306 (Fed. Cir. 2004) ........................................ 7
*Lapine v. Town of Wellesley*, 304 F.3d 90, 102 (1st Cir. 2002) ..................................................... 7
*Leib v. Georgia-Pacific Corp.*, 925 F.2d 240, 245 (8th Cir. 1991). ............................................... 6
*Leonard v. United Airlines*, 972 F.2d 155, 159 (7th Cir. 1992) ................................................. 7, 8
*Lindsley v. Office of Pers. Mgmt.*, 126 F. App'x 959, 960 (Fed. Cir. 2005) ................................... 7
*Lisdahl v. Mayo Foundation*, 633 F.3d 712, 718 (8th Cir. 2011) .................................................. 6
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) ............................. 3
*Monroe v. Standard Oil Co.*, 452 U.S. 549, 565 (1981). ............................................................... 6
*Paisley v. City of Minneapolis*, 79 F.3d 722, 724 (8th Cir. 1996) ................................................. 7
*Winders v. People Express Airlines, Inc.*, 595 F. Supp. 1512, 1518 (D.N.J. 1984), *aff'd.* 770 F.2d
    1078 (3d Cir. 1985). ................................................................................................................. 5

**Statutes**
38 U.S.C. § 4301(a)(1) .................................................................................................................... 5
38 U.S.C. § 4301, *et seq.* ................................................................................................................ 1
38 U.S.C. § 4316(b)(1)(A) ............................................................................................... 2, 5, 12, 14
38 U.S.C. § 4316(b)(2)(B) ................................................................................................... 2, 8, 14
Fed. R. Civ. P. 56(a) ....................................................................................................................... 3

**Other Authorities**
H.R.Rep. No. 103-65, at 33 (1994), reprinted in 1994 U.S.C.C.A.N. 2449, 2466 ......................... 5

**Regulations**
20 C.F.R. § 1002.149 .................................................................................................................... 14

# I. SUMMARY OF ARGUMENT

The undisputed evidence shows that Defendants State of Missouri, the Missouri National Guard, and Major General Stephen L. Danner (collectively "Missouri") violated the Uniformed Services Employment and Reemployment Rights Act of 1994, as amended, 38 U.S.C. § 4301, *et seq.* ("USERRA") by not placing Dual Technician Kinata Holt ("Holt") and other dual technicians entering the military's Active Guard and Reserve ("AGR") program in furlough or leave of absence status, instead requiring them to accept termination from their dual technician positions as a condition of entering the AGR program. The undisputed evidence shows that Missouri also violated USERRA when it denied Holt the 15 days of annual military leave it provided to other employees serving in the military whom it placed in furlough or leave of absence status.

Because there are no genuine issues of material fact on these claims, Plaintiff United States of America ("United States") has moved this Court for partial summary judgment against Missouri, pursuant to Federal Rule of Civil Procedure 56. *See* United States' Motion For Partial Summary Judgment. The United States asks the Court to find that: 1) the Missouri National Guard's policy of not placing dual technicians entering the AGR program on furlough or leave of absence violates USERRA; 2) Holt did not abandon her civilian position or voluntarily waive any of her rights under USERRA when she entered military service in the AGR program; 3) Missouri violated USERRA by denying Holt the opportunity to take leave without pay ("LWOP") when she entered the AGR program; and 4) Missouri violated USERRA by denying Holt 15 days of military leave.[1] Pursuant to Local Civil Rule 56.1(a), the United States is filing

---

[1] Though this final finding by the Court would effectively resolve Holt's entire claim, the United States' Complaint also requests relief for similarly-situated dual technicians affected by the Guard's policy, whose individual damages are varied and still currently subject to factual

1

in support of its Motion for Partial Summary Judgment this memorandum and is attaching a Statement of Uncontroverted Material Facts as Attachment A.

## II.     BACKGROUND

USERRA requires civilian employers to place employees on "furlough or leave of absence" while performing military service.  *See* 38 U.S.C. § 4316(b)(1)(A).  USERRA also requires that employers provide the same "rights and benefits" to any employee on military service that it provides to other employees on a furlough or leave of absence.  *See* 38 U.S.C. § 4316(b)(1)(B).

The Missouri National Guard ("Guard") employs civilian employees who are also reservists in the Guard ("dual technicians") to perform administrative, personnel, maintenance and other tasks to support the Guard's operations.  Answer, ¶ 7.  One such dual technician, Holt, applied for and was accepted into the AGR program, commencing in November 2011.  Answer, ¶ 10.  Guard policy since July 2010 requires dual technicians seeking to enter the AGR program (including Holt) to sign a document in which they agree to be "separated" (i.e., terminated) from their civilian position with the Guard.  Watson[2] Dep. 80:22-81:10; Ginter[3] Dep. 37:2-38:2.  The Guard does not allow dual technicians entering the AGR program after July 2010 (including Holt) to be placed on LWOP status.  Watson Dep. 49:18-22; 54:19-55:11.

As a result, while the Guard gives dual technicians who are serving in the military while on LWOP 15 days of military leave per year, the Guard denies that benefit to dual technicians

---

disputes.  Thus, the United States has limited this Motion to a request for partial summary judgment.
[2] The Deposition of Chief Randall Watson, both individually and as the Rule 30(b)(6) representative for Missouri, occurred on August 19, 2014 ("Watson Dep.").  Referenced excerpts are attached as Attachment B.
[3] The Deposition of LTC Rodney Ginter, the Guard's current HR Director, occurred on September 9, 2014 ("Ginter Dep.").  Referenced excerpts are attached as Attachment C.

who enter the AGR program after July 2010. Jones[4] Dep. 36:17-38:4; Ginter Dep. 24:19-21; 38:17-21; 47:2-15. The Guard allows dual technicians entering active duty programs *other than* the AGR program to be on LWOP and to earn this benefit. Watson Dep. 51:25-52:18; 81:16-82:11; Jones Dep. 59:3-7; 63:23-64:7. Had Holt been allowed LWOP when she entered the AGR program, she would have received 15 days of military leave for the year she served in the program. Holt[5] Dep. 122:11-18; 127:5-21.

### III. SUMMARY JUDGMENT STANDARD

A party may move for summary judgment on all or part of a claim. *See* Fed. R. Civ. P. 56(a). Summary judgment is proper when "the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court does not resolve disputed questions of fact but determines only whether genuine issues of fact exist. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-49 (1986). The movant bears the burden of showing the propriety of summary judgment, and any inferences drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The opposing party then must come forward with specific facts showing that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 248. The "mere existence of a scintilla of evidence" in support of the non-movant's claim is insufficient to defeat summary judgment. *Id.* at 252. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts . . . ." *Jackson v. United Parcel Service, Inc.,* 643 F.3d 1081, 1085 (8th Cir. 2011)

---

[4] The Deposition of LTC Nancy Jones, retired, the Guard's former HR Director, occurred on September 10, 2014 ("Jones Dep."). Referenced excerpts are attached as Attachment D.
[5] The Deposition of Kinata Holt occurred on August 21, 2014 ("Holt Dep."). Referenced excerpts are attached as Attachment E.

3

(en banc) (citations and quotations omitted) (clarifying standard for consideration of motions for summary judgment, including those filed in employment cases). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* For those issues where there is no genuine issue of fact for trial *and* those undisputed facts entitle the movant to judgment as a matter of law, summary judgment is proper. *Id.*

## IV. ARGUMENT

The United States is entitled to partial summary judgment because the undisputed evidence shows that there is no genuine issue as to any material fact that Missouri violated USERRA by requiring Holt and other dual technicians to separate from their dual technician positions, rather than take LWOP, before allowing them to enter the AGR program. The United States is also entitled to summary judgment because there is no genuine issue that Missouri violated USERRA by denying Holt a benefit it provided to other employees on LWOP, namely 15 days of annual military leave.

Missouri contends that the Guard's policy does not violate USERRA, which only protects non-career servicemembers, because the AGR program is a "career program" that dual technicians voluntarily enter, waiving their USERRA protections. The uncontroverted record shows, however, that Holt never intended to make a career of the AGR program. Holt Dep. 11:18-13:2; 39:15-40:7; 134:7-15. She also never intended to waive her USERRA rights when she signed the Guard's "separation" document. Holt Dep. 42:4-16; 43:10-16; 44:14-22; 46:11-21. Missouri has produced no evidence to refute Holt's testimony about her own intent. Jones Dep. 29:6-30-17; 31:2-13.

For these reasons, the United States asks the Court to find that: 1) Missouri's policy of not placing dual technicians entering the AGR program on "furlough or leave of absence" violates USERRA; 2) Holt did not abandon her civilian position or voluntarily waive any of her rights under USERRA when she entered military service in the AGR program; 3) Missouri violated USERRA by denying Holt the opportunity to take LWOP when she entered the AGR program; and 4) Missouri violated USERRA by denying Holt 15 days of military leave.

### A. The Guard Cannot Deny LWOP to All Employees Entering the AGR Program

The Guard currently requires its dual technicians who seek to enter the AGR program to separate from their civilian positions before allowing them to perform military service in the AGR program. Watson Dep. 80: 22-81:10; Ginter Dep. 37:2-38:2. It will not allow those employees to take LWOP while serving in the AGR program. Watson Dep. 49:18-22.

This policy flatly violates the plain language of USERRA. *See* 38 U.S.C. § 4316(b)(1)(A) (requiring employers to place servicemembers on furlough or leave of absence while performing military service). Indeed, when Congress passed USERRA, it sought to:

> reaffirm that a departing service person is to be placed on a statutorily-mandated military leave of absence while away from work, regardless of the employer's policy. Thus, terminating a departing service person, or forcing him or her to resign, even with a promise of reemployment, is of no effect.

H.R.Rep. No. 103-65, at 33 (1994), reprinted in 1994 U.S.C.C.A.N. 2449, 2466; *see also Green v. Oktibbeha County Hospital*, 526 F. Supp. 49, 54 (N.D. Miss. 1981); *Winders v. People Express Airlines, Inc.*, 595 F. Supp. 1512, 1518 (D.N.J. 1984), *aff'd.* 770 F.2d 1078 (3d Cir. 1985). Furthermore, the core purpose of USERRA is to encourage military service by protecting the civilian jobs of the men and women who volunteer. *See* 38 U.S.C. § 4301(a)(1) (encouraging "noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service."); *see also Clegg v.*

5

*Arkansas Dept. of Correction,* 496 F.3d 922, 930 (8th Cir. 2007). And it is well-settled that USERRA's protections should be "liberally construed for the benefit of those who left private life to serve their country." *Fishgold v. Sullivan Drydock and Repair Corp.*, 328 U.S. 275, 285 (1946); *Dorris v. TXD Services, LP*, 753 F.3d 740, 745 (8th Cir. 2014); *Lisdahl v. Mayo Foundation*, 633 F.3d 712, 718 (8th Cir. 2011); *Leib v. Georgia-Pacific Corp.*, 925 F.2d 240, 245 (8th Cir. 1991). As the Supreme Court noted:

> The frequent absences from work of an employee-reservist may affect productivity and cause considerable inconvenience to an employer who must find alternative means to get necessary work done. Yet Congress has provided ... that employers may not rid themselves of such inconveniences and productivity losses by discharging or otherwise disadvantaging employee-reservists solely because of their military obligations.

*Monroe v. Standard Oil Co.*, 452 U.S. 549, 565 (1981). Thus, on its face, the Guard's policy of denying leave to employees seeking to volunteer for military service (albeit only applicable to dual technicians seeking to serve in the AGR program) violates USERRA.

In its previous Motion to Dismiss, Missouri argued that "positions in the AGR program are by definition career positions, such that *every* individual who participates in this program is necessarily electing to pursue a career in military service." *See* Order Denying Missouri's Motion to Dismiss, June 9, 2014, Dkt. #23 ("6/9/2014 Order"), at 4 (emphasis added).[6] But this Court soundly rejected that argument because "the AGR program specifically provides for the enlistment of individuals who intend to serve only once or occasionally." 6/9/2014 Order at 5. This Court noted that other courts have applied the protections of USERRA (and its predecessor

---

[6] Missouri's argument really presented an affirmative defense to a USERRA reemployment claim. *See* Missouri's Mtn. to Dismiss, Dkt. #13, at 6 (discussing cases reviewing "USERRA reemployment rights"). Such an argument is misplaced here, where the United States has not alleged a claim under USERRA's reemployment provisions, Sections 4312 and 4313. Rather, the United States' Complaint alleges a violation of Sections 4316 (requiring employers to place servicemembers on furlough or leave of absence while performing military service) and 4311 (prohibiting denial of a benefit of employment when a servicemember has an obligation to perform military service).

6

statutes) to AGR program participants. *Id.* (citing *King v. St. Vincent's Hosp.*, 502 U.S. 215, 217, n.5 (1991); *Lindsley v. Office of Pers. Mgmt.*, 126 F. App'x 959, 960 (Fed. Cir. 2005); *Lapine v. Town of Wellesley*, 304 F.3d 90, 102 (1st Cir. 2002)). The Court concluded that it would be "inconsistent with the stated purpose of USERRA to hold that the statute does not apply to individuals who voluntarily elect to serve in the AGR program for a limited time, with no intent to make it a career." *Id.*

As the Court already determined, there is nothing special or different about military service in the AGR program that makes USERRA less applicable to its participants than other forms of military service. The Court did note that, under certain limited circumstances, an *individual* dual technician may be able to waive these protections by "voluntarily resigning from a civilian position and pursuing a career in military service." *Id.* at 3 (citing *Paisley v. City of Minneapolis*, 79 F.3d 722, 724 (8th Cir. 1996)); *but cf. Leonard v. United Airlines*, 972 F.2d 155, 159 (7th Cir. 1992) (concluding that an employee cannot "waive his rights under the Act before entering military service."). Even so, the Court made clear that an employer cannot establish a policy – like Missouri did – of universally requiring employees to execute waivers to circumvent USERRA's requirement to allow leaves of absence. *Id.* at 5-6 (citing *Kiszka v. Office of Pers. Mgmt.*, 372 F.3d 1301, 1306 (Fed. Cir. 2004)). Therefore, as a matter of law, Missouri's argument that USERRA, by definition, does not protect *any* dual technicians entering the AGR program is wrong.

The Court has already decided that, as a matter of law, Missouri cannot deny *all* dual technicians LWOP status with a blanket rule approach. That is exactly what Missouri has done here in denying all dual technicians the opportunity to take a "furlough or leave of absence" when entering the AGR program. There are no disputed issues of fact regarding Missouri's

blanket exclusion policy and it violates USERRA as a matter of law. The United States is entitled to partial summary judgment with respect to the issue of Missouri's denial of LWOP to all dual technicians who entered military service with the AGR after June 2010.

> **B. Holt Did Not Waive Her USERRA Protections When She Entered the AGR Program**

Missouri admits Holt was employed by the Guard as a dual technician when she applied for and was accepted into the AGR program for a three-year tour beginning in November 2011. Answer, ¶ 10. After July 2010, the Guard did not offer LWOP to any dual technicians entering the AGR program. Watson Dep. 49:18-22. Thus, there is no dispute that when Holt went into the AGR program, the Guard did not offer her LWOP, but instead "separated" her from her civilian position. The Court held in its June 9, 2014 Order that Missouri violated USERRA by denying Holt LWOP unless it could prove that Holt "knowingly" waived her USERRA rights and resigned from the Guard to pursue a military career in the AGR program. *See* 6/9/2014 Order at 6 (citing 38 U.S.C. § 4316(b)(2)(B) to require Missouri to prove that Holt "knowingly provided clear written notice of intent not to return" to civilian employment.) Assuming *arguendo* a service member could waive her USERRA rights before joining the military, *see Leonard*, 972 F.2d at 159, the uncontroverted facts here demonstrate that Holt did not waive her USERRA protections when she joined the AGR program.

This Court has already rejected as inadequate the only "evidence" of waiver Missouri had when it moved to dismiss the United States' Complaint – the "checklist" she initialed when she entered the AGR program acknowledging that the Guard was "separating" her from her civilian position. The Court found:

> The materials cited by Defendant do not show that Holt knew that she could request a leave of absence in lieu of separating from her civilian position if she did not intend to pursue career military service. Furthermore, considering that the

8

> checklist form specifically acknowledges the existence of reemployment rights under USERRA, this form, standing alone, cannot satisfy Defendants' burden of proving that Holt did not intend to return to civilian employment.

6/9/2014 Order at 6 (internal citation omitted).

Subsequent discovery has exposed the weaknesses in Missouri's arguments that even the checklist is relevant, material evidence of a knowing and intelligent waiver of USERRA rights by Holt. Specifically, in deposition, Missouri admitted that, after July 2010, any dual technician who refused to sign the required checklists acknowledging separation from civilian position would not have been accepted into the AGR program. Watson Dep. 37:19-24; Ginter Dep. 37:21-38:2. Had Holt not signed the checklist, Missouri made clear, the Guard would not have allowed her to serve on active duty in the AGR program: "Q: If [Holt] had refused to agree to separation on this form[,] would she have been permitted to enter the AGR program? A: No." Watson Dep. 90:3-91:1 (referring to Watson Dep. Ex. 23, a copy of the checklist signed by Holt, which is attached to this memorandum as Attachment F).

Missouri has not developed any facts in the record supporting its claim that Holt waived her USERRA rights and, clearly, it continues to rely on the same evidence submitted with its unsuccessful Motion to Dismiss. In fact, subsequent discovery has served to undermine its waiver argument. Holt testified in her deposition that she never intended to stay in the AGR program for a career but, rather, like other servicemembers, she intended to use her active duty time to finish her education before leaving the military for hopefully more lucrative prospects in the private sector. Holt Dep. 11:18-13:2; 39:15-40:7; 134:7-15. Holt said she was entering the AGR program for a three-year tour of duty, and that she did not intend to reapply for another tour. Holt Dep. 40:24-41:3; 57:18-58:8. The Guard never asked Holt about her long-term plans and she did not volunteer the information. Holt Dep. 39:12-14; 40:16-20; 57:18-58:14; 78:14-

9

79:20; Jones Dep. 29:6-30:17; 31:2-13. In the end, Holt only served in the AGR program for about a year before she resigned and used her USERRA reemployment rights to return to her dual technician position. Holt Dep. 87:15-17; 89:18-25.

Most importantly, Missouri does not have material evidence that contradicts Holt's testimony as to her long-term career plans other than her initials on the requisite separation checklist, which do not constitute legal proof of her intent. Jones Dep. 29:6-30:17; 31:2-13. Meanwhile, Holt confirmed that she did not *intend* to waive her USERRA rights when she signed the checklist, Holt Dep. 42:4-16;[7] 43:10-16; 44:14-22; 46:11-21, and the Court already concluded that the checklist "standing alone" was insufficient proof of Holt's alleged waiver. Therefore, assuming a servicemember could affirmatively waive her USERRA rights before her military service, Missouri cannot meet its burden of showing Holt voluntarily waived her USERRA rights in the face of her direct testimony that she did not intend to do so and the absence of proof to the contrary.

Moreover, Missouri disclosed in discovery significant new information showing that it already understood that Holt and the other dual technicians did not intend to voluntarily waive their USERRA rights when they applied for and entered the AGR program. First, despite Missouri's assertion in its Motion to Dismiss that Holt and the other dual technicians knowingly waived their USERRA rights by initialing and signing separation checklists, the Guard admitted that the checklists were never intended to constitute a dual technician's waiver of any USERRA rights. Jones Dep. 84:5-12; 88:9-23; 89:3-6; 89:20-90:2. In light of this admission, no reasonable fact-finder could believe Missouri's claim that Holt was voluntarily waiving her USERRA rights by signing the checklist.

---

[7] Holt Dep. Ex. 25 is duplicative of the Checklist identified as Watson Dep. Ex. 23.

Second, the Guard admitted that, in another instance, a civilian employee entering military service insisted on waiving his USERRA rights to reemployment and the Guard classified that employee's status as immediately "resigning" from his civilian position, rather than "separating." Ginter Dep. 51:1-52:3. This admission demonstrates that the Guard has a distinct way to recognize and record truly voluntary waivers by employees entering career military position with no desire to return to their civilian positions. Thus, the Guard's classification of Holt as "separating" from her position rather than "resigning" further establishes that the Guard understood that she had not intentionally waived her USERRA rights when she entered the AGR program.

Third, the Guard revealed it routinely contacts dual technicians approaching their five-year mark of active military service—including AGR participants— to ask whether they intend to return to their civilian position or instead want to resign their civilian position for a career in the military and waive their USERRA rights. Ginter Dep. 30:22-31:15; 33:17-34:16. This evidence undermines Missouri's claim that when dual technicians, like Holt, enter the AGR program, they are clearly intending to waive their USERRA rights and pursue a military career.

Finally, when Holt resigned from the AGR program after approximately a year of service, the Guard recognized her USERRA right to reemployment in her civilian position. Watson Dep. 83:23-84:5; Holt Dep. 87:15-17; 89:18-25. By recognizing her right to reemployment, the Guard demonstrated that it understood that Holt had not intended to voluntarily waive her USERRA rights when she entered the AGR program.

Together, this evidence conclusively establishes that Holt never intended to voluntarily waive her USERRA rights when she entered the AGR program. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." *Jackson,* 643 F.3d at 1085. As there is no legitimate factual dispute about Holt's intent at the time she entered the AGR program, this Court should grant the United States partial summary judgment finding that Holt did not abandon her civilian position or voluntarily waive any of her rights under USERRA when she entered military service in the AGR program.

    **C.    Missouri Violated USERRA by Denying Holt LWOP While She Served in the AGR Program**

As stated above, Missouri admitted that the Guard employed Holt as a dual technician when she applied for and was accepted into the AGR program for a three-year tour beginning in November 2011. Answer, ¶ 10. After July 2010, the Guard did not offer LWOP to any dual technicians entering the AGR program. Watson Dep. 49:18-22. It is undisputed that when Holt went into the AGR program, the Guard followed this "blanket policy" and denied her LWOP.

USERRA requires employers to place servicemembers on furlough or leave of absence while performing military service. *See* 38 U.S.C. § 4316(b)(1)(A). As discussed above, on its face, Missouri's policy of denying leave of absence to employees seeking to volunteer for military service (albeit only applicable to dual technicians seeking to serve in the AGR program) violates this provision of USERRA. Because Missouri cannot establish that Holt abandoned her civilian position or voluntarily waived any of her rights under USERRA when she entered military service in the AGR program, this Court should grant the United States partial summary judgment finding that Missouri violated USERRA by denying Holt the opportunity to take LWOP when she entered the AGR program.

    **D.    USERRA Requires Missouri to Grant Holt the Same Benefits It Grants to Other Employees on LWOP**

Moreover, USERRA also requires that employers offer the same "rights and benefits" to any employee on military service as it would to other employees on a leave of absence. *See* 38

U.S.C. § 4316(b)(1)(B). It is undisputed that dual technicians on LWOP for military service are entitled as a benefit of their dual technician position to 15 days of military leave per year. Ginter Dep. 24:19-21; 38:17-21; 47:2-15; Jones Dep. 36:17-38:4. The Guard admitted that it allows dual technicians entering active duty programs *other than* the AGR program to take LWOP instead of separating. Watson Dep. 51:25-52:18; 81:16-82:6; Jones Dep. 59:3-7. Consequently, because these other employees are on full-time military service, they can take 15 days "extra" pay from their civilian position each year that they serve. Watson Dep. 81:16-82:11; Jones 63:23-64:7. Conversely, those entering the AGR program are not allowed this benefit. Watson Dep. 80:22-81:10. If Holt had been allowed LWOP when she entered the AGR program, then she too would have received the 15 days of military leave for the year she served in the AGR program, but she was ultimately denied this benefit. Holt Dep. 122:11-18; 127:5-21. As a result, Holt (like the other dual technicians serving in the AGR program) did not receive the same benefits as other employees on a leave of absence, which violates USERRA. 38 U.S.C. § 4316(b)(1)(B).

Further, Missouri admitted that before June 2010, the Guard allowed dual technicians entering the AGR program to opt for LWOP. Watson Dep. 44:22-45:2; 82:12-17; Ginter Dep. 41:4-10; Jones Dep. 50:7-23. When it decided to start denying LWOP to employees entering the AGR program, it chose to allow those employees already in AGR positions before the decision to remain on LWOP, even if they applied for new tours in the AGR program. Watson Dep. 82:12-21; 93:9-94:4; Ginter Dep. 43:17-44:9. Thus, the Guard's policy also violates USERRA by not offering dual technicians entering the AGR program after June 2010, like Holt, the same benefits afforded other dual technicians already serving in the AGR program who are "grandfathered" in as LWOP. These pre-June 2010 employees on LWOP are also "other

13

employees" on a "leave of absence" who have a benefit not afforded current dual technicians entering the AGR program. Again, this practice of giving different dual technicians different benefits while serving in the AGR program violates USERRA.

Missouri may attempt to argue that by placing dual technicians entering the AGR program on "separation" status instead of "resignation" status, it is offering them a *type* of "furlough or leave of absence" that somehow satisfies the provisions of USERRA contained in 38 U.S.C. § 4316(b)(1)(A). Watson Dep. 30:18-31:14 (claiming separation status is a "form of leave of absence" at the Guard). However, even if Missouri's contentions were accepted as true, such a two-tiered "leave of absence" system as described by Missouri's own admissions, *id.*, is designed to deny servicemembers the same treatment by their civilian employers as other employees on leave of absence and would still clearly violate USERRA. *See, e.g., Dorris*, 753 F.3d at 744-45 (citing 20 C.F.R. § 1002.149 for the proposition that an employee's "right to benefits … guaranteed by USERRA is 'not dependent on how the employer characterizes the employee's status during a period of service.'"). USERRA specifically requires that the benefits of the leave granted to servicemembers be equivalent to those the employer provides to any other employees on any form of leave of absence. *See* 38 U.S.C. § 4316(b)(1)(B).

Because Missouri admitted that it regularly grants a benefit to other dual technicians on LWOP for military service while denying that same benefit to dual technicians performing military service in the AGR program, it is violating USERRA by denying the AGR participants a benefit granted to "other employees" on "leave of absence." It is undisputed that Missouri's policy of denying Holt LWOP meant that she did not receive 15 days of military leave that she otherwise would have received for her year in the AGR program. Holt Dep. 122:11-18; 127:5-

21. Thus, this Court should grant the United States partial summary judgment finding that Missouri's policy violated USERRA by denying Holt 15 days of military leave.

## VI. CONCLUSION

For the foregoing reasons, the United States respectfully requests this Court grant its Motion for Partial Summary Judgment. Specifically, the United States requests a partial summary judgment that: 1) the Guard's policy of denying all dual technicians the opportunity to take a "furlough or leave of absence" when entering the AGR program violates USERRA; 2) Holt did not abandon her civilian position or voluntarily waive any of her rights under USERRA when she entered military service in the AGR program; 3) Missouri violated USERRA by denying Holt the ability to take LWOP when she entered the AGR program; and 4) Missouri violated USERRA by denying Holt 15 days of military leave.

Respectfully Submitted,

On behalf of Plaintiff United States of America:

By: *s/ Jeffrey Morrison*
JOSEPH J. SPERBER IV
(NY Bar No. 2662526)
JEFFREY MORRISON
(MO Bar No. 44401)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4914
Washington, DC  20530
Telephone:  (202) 514-8138
Facsimile:  (202) 514-1005
E-mail:  joseph.sperber@usdoj.gov


CHARLES M. THOMAS
(MO Bar No. 28522)
Assistant United States Attorney
Charles Evans Whittaker Courthouse
U.S. Attorney's Office
Western District of Missouri
400 East 9th Street, Room 5510
Kansas City, MO  64106
Telephone:  (816) 426-3122
Facsimile:  (816) 426-3165
E-Mail: charles.thomas@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

   I hereby certify that the foregoing was served on October 3, 2014 upon counsel for the defendants via electronic mail and via U.S. Mail, postage prepaid to:

  Amy C. Haywood
  Assistant Attorney General
  P.O. Box 899
  Jefferson City, MO 65102
  Amy.Hardwood@ago.mo.gov

  John Reeves
  Assistant Attorney General
  P.O. Box 899
  Jefferson City, MO 65102
  John.Reeves@ago.mo.gov

             *s/ Jeffrey Morrison*
             Jeffrey Morrison